IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID MELTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-2202-N |
| | § | |
| HUNT COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants Hunt County's, Hunt County Sheriff's Office's, Randy Meeks's, and Kelly D. Phillips's motions to dismiss [47], [49], [51], [53]. For the reasons stated below, the Court grants the motions.

### I. ORIGINS OF THE DISPUTE

Plaintiff Michael David Melton filed a civil rights action against Hunt County, Hunt County Sheriff's Office, Randy Meeks, and Kelly D. Phillips. Melton claimed he was mistakenly arrested for an assault he did not commit. Phillips, who was a deputy with the Sheriff's Office, arrived at a hospital in Greenville, Texas, to investigate a reported assault. The victim, Richard Griffeth, told Phillips that the assailant was named "Michael Melton." Phillips began an investigation, generated a written report, and submitted it to the Criminal Investigation Division. Meeks was the Hunt County Sheriff at the time of the investigation. Phillips's report identified "Michael David Melton" as the suspect, but the true assailant was "Michael Glenn Melton." Hunt County then wrongly arrested and charged Plaintiff Melton, but the County later released him and dropped the charges.

MEMORANDUM OPINION AND ORDER – PAGE 1

Melton brought this suit in state court asserting both federal- and state-law causes of action. Melton brought federal claims under 42 U.S.C. § 1983 against Meeks and Phillips in their individual capacities for unlawful arrest and detention in violation of the Fourth and Fifth Amendments. Melton also sued Hunt County and Hunt County Sheriff's Office under section 1983 for municipal liability based on official policy and failure to train. Additionally, Melton asserted state-law claims for civil conspiracy, false imprisonment, intentional infliction of emotional distress, assault and battery, negligence and gross negligence, and negligent hiring, supervision, and training. Then, Defendants removed this action in June 2014.

The Court granted summary judgment for Meeks on Melton's section 1983 Fourth and Fifth Amendment claims and for Phillips on Melton's section 1983 Fifth Amendment claim. Order 8-9 [21]. The Court reasoned that Melton presented no evidence that Meeks was involved in the investigation and that there was no basis to hold Meeks liable for either of Melton's section 1983 claims. *Id.* The Court also determined that Melton presented no evidence to hold Phillips liable on Melton's section 1983 Fifth Amendment claim. *Id.* at 9. The Fifth Circuit then granted summary judgment for Phillips on the remaining section 1983 Fourth Amendment claim. *Melton v. Phillips*, 875 F.3d 256, 266 (5th Cir. 2017) [27]. The Fifth Circuit concluded that Phillips did not violate a statutory or constitutional right. *Id.* It determined that Phillips was overall too attenuated to be held liable because Phillips did not prepare, sign, or authorize the incident report. *Id.* at 261, 265. Additionally, the Fifth Circuit found that Melton failed to show that Phillips violated any clearly established law. *Id.*

MEMORANDUM OPINION AND ORDER – PAGE 2

After these rulings, Melton filed an amended complaint, yet he did not assert any new or different claims. Then, the Court dismissed all state-law claims against Meeks and Phillips [46]. Now, Hunt County seeks to dismiss all federal- and state-law claims. Hunt County Sheriff's Office seeks to dismiss all federal-law claims, and Meeks and Phillips move to dismiss all federal-law claims.

## II. LEGAL STANDARD FOR A RULE 12(B)(6) MOTION TO DISMISS

When addressing a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To survive dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, a plaintiff must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). A court

does not, however, accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

### III. THE COURT DISMISSES ALL FEDERAL AND STATE CLAIMS AGAINST HUNT COUNTY

#### A. *The Court Dismisses All Federal Claims Against Hunt County*

Melton asserts section 1983 claims for municipal liability based on official policy and failure to train. A municipality cannot be liable under section 1983 on the theory of *respondeat superior* but can be liable when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). A municipality cannot be held liable when the underlying employees do not commit a constitutional violation. *Self v. City of Mansfield*, 369 F. Supp. 3d 684, 702 (N.D. Tex. 2019) (Fish, J.); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).[1] To hold a municipal liable based on its official policy, a plaintiff must show "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

---

[1] The Fifth Circuit has specified that when an officer is granted general qualified immunity, the municipality claims cannot be automatically dismissed. *Groden v. City of Dallas*, 826 F.3d 280, 283 n.2 (5th Cir. 2016) (stating that *Heller*'s holding can only apply when qualified immunity is not presented to the jury).

MEMORANDUM OPINION AND ORDER – PAGE 4

Similarly, a failure-to-train claim requires the plaintiff to show "(1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a 'moving force' in causing violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy." *Valle v. City of Houston*, 613 F.3d 536, 544 (5th Cir. 2010). "Deliberate indifference is a stringent standard" and requires more than negligence or gross negligence. *Id.* at 547 (internal quotations and citations omitted).

Here, the Court finds Melton fails to establish a legally sufficient claim for municipality liability against Hunt County. First, the Court finds that there is no underlying constitutional violation by the officers. The Court granted summary judgment for Meeks regarding Melton's section 1983 claims. Order 8-9 [21]. The Court specifically found that Melton presented no basis to establish that Meeks could be liable under either of Melton's section 1983 Fourth or Fifth Amendment claims because Meeks had no connection to the case beyond his title as Sheriff. *Id.* Additionally, the Court granted summary judgment for Phillips on Melton's section 1983 Fourth amendment claim because Melton presented no evidence to hold Phillips liable. *Id.* at 9. Then, the Fifth Circuit granted summary judgment for Phillips on Melton's section 1983 Fifth amendment claim. *Melton v. Phillips*, 875 F.3d 256, 266 (5th Cir. 2017). The Circuit determined that Melton did not show that Phillips violated a statutory or constitutional right. *Id.* at 261-65. While Melton filed an amended petition, Melton does not assert any new or different claims to establish a constitutional violation by the officers to hold Hunt County liable.

Even assuming Melton alleged sufficient facts to show Meeks or Phillips committed a constitutional violation, the Court finds that Melton fails to sufficiently plead any claim of municipal liability. The Court finds that Melton does not plead any specific policy or widespread practice that was the moving force behind the false arrest. Melton speculatively pleads that Hunt County ratified policies and practices that allowed the officers to wrongly arrest Melton. *See* Pl., Michael David Melton's, Am. Compl. and Jury Demand 3-7 [40]. However, the Court finds that these allegations are just conclusory restatements of the elements of the cause of action. Melton does not establish any specific facts of the policy or practice, let alone any facts establishing that this alleged policy was the moving force behind the constitutional violation.

Likewise, the Court finds that Melton fails to plead enough facts to show that Hunt County or Sheriff Meeks failed to train the officers. Melton pleads that Hunt County, through Sheriff Meeks, acted with deliberate indifference and failed to train the Hunt County officers. *Id.* Yet, Melton's pleading consists of only conclusory allegations. Melton does not establish that Hunt County's failure to train was the "moving force" behind the constitutional violation nor does Melton allege any facts that show that Hunt County or Sheriff Meeks acted with deliberate indifference.

Thus, the Court finds Melton failed to sufficiently plead his section 1983 claims against Hunt County, and the Court dismisses all federal claims against Hunt County.

### B. The Court Dismisses All State Claims Against Hunt County

The Court finds Hunt County cannot be liable under Melton's state-law claims because the County is protected by governmental immunity. Melton asserts tort claims of

MEMORANDUM OPINION AND ORDER – PAGE 6

civil conspiracy, false imprisonment, intentional infliction of emotional distress, assault and battery, negligence and gross negligence, and negligent hiring, supervision, and training against Hunt County. Generally, governmental immunity protects municipalities from suit unless the entity waives immunity. *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014). "The Texas Tort Claims Act provides a limited waiver of this immunity." *Id.* The Act waives immunity in three areas: "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property . . . ." *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002) (internal quotations and citations omitted). This waiver specifically excludes claims "arising out of assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE § 101.057. Unlike federal claims under *Monell*, a governmental unit can be liable under the theory of *respondeat superior* under Texas state law. *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 656 (S.D. Tex. 2000). However, this does not prevent the entity from receiving immunity protection. *Id.*

In order to state a claim alleging injury arising out of conditions or use of property, a plaintiff must state the injury arose from "the condition or use of tangible personal property or real property." *Texas Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). Causes of action, like negligent supervision or training, "must satisfy the TTCA's use of tangible property requirement." *Texas Dep't of Criminal Justice-Community Justice Assistance Div. v. Campos*, 384 S.W.3d 810, 815 (Tex. 2012) (citing *Petta*, 44 S.W.3d at 581). Information is not tangible property. *Petta*, 44 S.W.3d at 580. Further, reducing information to paper or writing does not transform the information into tangible personal

MEMORANDUM OPINION AND ORDER – PAGE 7

property. *Id.* For example, training manuals and written instructions are not tangible personal property. *Id.* at 581. "Misinterpreting or drawing the wrong conclusion from information does not involve tangible personal property . . . ." *Holland v. City of Houston*, 41 F. Supp. 2d 678, 711 (S.D. Tex. 1999); *see also Campbell v. City of San Antonio*, 43 F.3d 973, 979 (5th Cir. 1995) ("Information then, is intangible; the fact that information is recorded in writing does not render the information tangible property.").

First, Hunt County is protected from Melton's civil conspiracy, false imprisonment, intentional infliction of emotional distress, and assault and battery claims because the TTCA specifically excludes all claims arising out of intentional torts. *See Murray v. Earle*, 405 F.3d 278, 294 n.56 (5th Cir. 2005) (stating that the TTCA does not waive immunity for civil conspiracy or other intentional torts).

Second, Hunt County is also granted immunity for Melton's negligence and gross negligence claim because the TTCA does not waive immunity for this claim. In order to waive immunity, Melton's claim must arise out of conditions or uses of tangible personal or real property. *See County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). Yet, the Court finds Melton fails to sufficiently plead facts showing his negligence and gross negligence claim arises out of any condition or use of tangible property. Melton states that Defendant Hunt County had a duty to implement appropriate policies and prevent unlawful arrests. Pl., Michael David Melton's, Am. Compl. and Jury Demand 8 [40]. Melton's claim arises out of the false arrest and Melton's allegations of Hunt County's inappropriate policies. *Id.* The unlawful arrest constitutes an intentional tort. Additionally, Melton's allegations of Hunt County's use of inappropriate policies and its misuse of information

MEMORANDUM OPINION AND ORDER – PAGE 8

arise out of the use of intangible information, not tangible property. *See Holland v. City of Houston*, 41 F. Supp. 2d 678, 711 (S.D. Tex. 1999).

Third, immunity is not waived for Melton's negligent hiring, supervision, and training claim. Like with Melton's negligence and gross negligence claim, the negligent hiring, supervision, and training claim arises out of the false arrest and the failure to furnish proper training. The arrest is an intentional tort, and the failure to furnish proper training concerns intangible information, not tangible property. *See Texas Dept. of Criminal Justice-Community Justice Assistance Div. v. Campos*, 384 S.W.3d 810, 814 (Tex. 2012). Melton does not allege any other facts that could constitute the use of tangible property in any of Hunt County's allegedly negligent hiring, supervision, or training.

Thus, the Court finds immunity is not waived for these claims and dismisses all state-law claims against Hunt County.

### IV. THE COURT DISMISSES ALL CLAIMS AGAINST HUNT COUNTY SHERIFF'S OFFICE

The Court dismisses all claims against Hunt County Sheriff's Office. Melton does not oppose the motion to dismiss against Hunt County Sheriff's Office. Pl.'s Resp. Def. Hunt County Sheriff Office's Mot. Dismiss All Law Claims 2 [63] ("Plaintiff makes no opposition and makes no legal argument against the dismissal of Hunt County Sheriff's Office, **only**."). Accordingly, the Court grants this motion.

### V. THE COURT DISMISSES ALL FEDERAL CLAIMS AGAINST RANDY MEEKS

The Court grants Meeks's motion to dismiss. Melton argues that Meeks, in his individual capacity, is liable under section 1983 for violations of the Fourth and Fifth Amendments. This Court already granted summary judgment for Meeks on the same

MEMORANDUM OPINION AND ORDER – PAGE 9

claims. Order 8-9 [21]. While Melton filed an amended petition after the Court granted summary judgment, Melton did not assert any new or different claims. In Melton's response to Meeks's motion, Melton asserts that the Fifth Circuit made its determination before Griffeth stated that he did not provide a driver's license, date of birth, or social security number to anyone. Pl.'s Resp. Def. Randy Meeks Mot. Dismiss Federal Law Claims 2 [67]. Nonetheless, the Court already granted summary judgment for Meeks on the same federal-law claims. Melton cannot reassert the same claims. Because the Court already granted summary judgment for Meeks on the same claims, the Court now dismisses these claims.

### VI. THE COURT DISMISSES ALL FEDERAL CLAIMS AGAINST KELLY D. PHILLIPS

The Court grants Phillips's motion to dismiss all federal claims. Melton asserts section 1983 Fourth and Fifth Amendment claims against Phillips. This Court granted summary judgment for Phillips on Melton's Fifth Amendment claim. Order 9 [21]. Then, the Fifth Circuit granted summary judgment as to Melton's Fourth Amendment claim. *Melton v. Phillips*, 875 F.3d 256, 266 (5th Cir. 2017) [27]. Melton amended his complaint but asserted the same claims against Phillips. Like in Melton's response to Meeks's motion, Melton states that the Fifth Circuit made its determination before considering Griffeth's statement that he did not provide a driver's license, date of birth, or social security number to anyone. Pl.'s Resp. Def. Kelly D. Phillips Mot. Dismiss Federal Law Claims 2 [66]. Regardless, this Court and the Fifth Circuit already granted summary judgment for Phillips on the same claims. Additionally, when the Court and the Circuit evaluated Melton's claims, both Courts construed all facts in Melton's favor. Thus, the

MEMORANDUM OPINION AND ORDER – PAGE 10

Court finds it already granted summary judgment on the same claims and grants Phillips's motion to dismiss all federal claims against him.

## CONCLUSION

The Court finds Melton failed to state legally sufficient claims against Hunt County, Randy Meeks, and Kelly D. Phillips, and the Court finds Melton does not oppose Hunt County Sheriff's Office's motion. Thus, the Court grants Defendants' motions to dismiss.

Signed October 8, 2019.

David C. Godbey
United States District Judge